UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUCHELL CINQUE MAGEE, Plaintiff, v. YVONNE G. ROGERS, et al., Defendants. | Case No. 18-cv-02873-WHO (PR)<br><br>**ORDER DENYING MOTION TO DISQUALIFY**<br><br>Dkt. No. 3 |

The Court construes plaintiff Magee's motion for the appointment of a special master as a motion to disqualify me. (Dkt. No. 3.)

Magee makes no specific allegations against me, but rather declares that "[b]y law, every judge of the Northern District Court should disqualify [himself or herself] in this matter." (*Id.* at 5, 7.) This district, according to Magee, "willfully and unlawfully manipulate[s] more than 15 judges and federal [c]ourt clerks to deny plaintiff access to [c]ourt — and keeping the jurors['] acquittal and other evidence in the mob's box." (*Id.* at 3.)

Motions to disqualify fall under two statutory provisions, 28 U.S.C. § 144 and 28 U.S.C. § 455. Section 144 provides for recusal where a party files a timely and sufficient affidavit averring that the judge before whom the matter is pending has a personal bias or prejudice either against the party or in favor of an adverse party, and setting forth the facts and reasons for such belief. *See* 28 U.S.C. § 144. Similarly, section 455 requires a judge to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned," 28 U.S.C. § 455(a), including where the judge "has a personal bias or prejudice concerning a party," *id.* § 455(b)(1).

A judge finding a section 144 motion timely and the affidavits legally sufficient must proceed no further and another judge must be assigned to hear the matter. *United*

1  *States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980). Where the affidavit is not legally
2  sufficient, however, the judge at whom the motion is directed may determine the matter.
3  *See id.* at 868 (holding judge challenged under section 144 properly heard and denied
4  motion where affidavit not legally sufficient).

5      The substantive test for personal bias or prejudice is identical under sections 144
6  and 455. *See Sibla*, 624 F.2d at 868. Specifically, under both statutes recusal is
7  appropriate where "a reasonable person with knowledge of all the facts would conclude
8  that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Ins.*,
9  987 F.2d 622, 626 (9th Cir. 1993) (citation omitted). Consequently, an affidavit filed
10 under section 144 will raise a question concerning recusal under sections 455(a) and (b)(1)
11 as well. *Sibla*, 624 F.2d at 867.

12     Magee's motion to disqualify all the judges in the Northern District is DENIED. A
13 plaintiff cannot move to disqualify a judge who is not presiding over his action. 28 U.S.C.
14 § 144 (motion is filed to disqualify "the judge before whom the matter is pending"); *id.*
15 § 455 (federal judge must disqualify himself "in any proceeding in which his impartiality
16 might be questioned").

17     Magee's motion to disqualify me is also DENIED. His conclusory allegations fail
18 to provide any fact or reason on which a reasonable person would conclude that my
19 impartiality might reasonably be questioned, or that otherwise indicate any bias or
20 prejudice.

21     The Clerk shall terminate Dkt. No. 3.

22     **IT IS SO ORDERED.**

23 **Dated:** June 6, 2018

                                                   WILLIAM H. ORRICK
                                                   United States District Judge